UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | Case No. C03-5418FDB<br><br>ORDER DENYING RULE 59(e) MOTION TO ALTER AND AMEND (MOTION FOR RECONSIDERATION0 |

Plaintiff brings a motion to Alter and Amend pursuant to Fed. R. Civ. P. 59(e) (Motion to Alter or Amend Judgment). As there is no judgment entered on the order appealed from [Dkt. # 34], the Court will treat the motion as one for reconsideration under the Local Rules CR 7(h).

The statement made by the Ninth Circuit in remanding this case for reconsideration by the Administrative Law Judge (ALJ) is set forth in Plaintiff's Reply brief [Dkt. 3# 33]. Among other things, the Ninth Circuit said: "The ALJ understood Dr. Lenza's reference to 'negative symptomology' to refer to Floyd's denial of positive psychotic symptoms, such as hallucinations, or to malingering. However, Dr. Lenza's use of the term 'negative symptomology' referred to Floyd's loss of personality traits, not his denial of symptoms." The Court then concluded:

ORDER - 1

Accordingly, we remand this case to the ALJ to determine whether to credit the testimony of Dr. Lenza based on a proper understanding of the term "negative symptomology." We deny Floyd's request for us to remand to the ALJ directing a finding of disability. Instead, on remand the ALJ may credit or reject Dr. Lenza's opinion for valid reasons, but must do so with a correct understanding of the meaning of "negative symptomology." Because the ALJ also discounted the evidence from Kitsap Mental Health because of the ALJ's misunderstanding of the term "negative symptomology," on remand the ALJ shall reevaluate this evidence as well.

(Plaintiff's Reply, p. 3; *Floyd v. Barnhart*, No. 04-35730 (9th Cir. April 26, 2006.) The Ninth Circuit also noted that

> The Government, in its oral argument before us, has conceded that the ALJ improperly interpreted Dr. Lenza's reference to negative symptoms, but the Government argues that this error was harmless because the ALJ focused on Floyd's functional limitations, not Dr. Lenza's diagnosis. ... However, the ALJ did not just dismiss Dr. Lenza's diagnosis, but also his opinion of Floyd's functional limitations.

*Id.* This Court concluded that the Commissioner was substantially justified on the remand issue despite the ALJ's misunderstanding of the term and in view of all the evidence, a conclusion that Plaintiff argues is too broad in the face of the Ninth Circuit's ruling. But the Commissioner could reasonably argue that the ALJ's misunderstanding of the term made no difference in the outcome. That the Ninth Circuit decided that if the ALJ has the correct understanding that he might come to another conclusion, does not mandate that this Court determine that the Commissioner's position was not substantially justified or reasonable.

ACCORDINGLY, IT IS ORDERED: Plaintiff's Rule 59(3) Motion To Alter And Amend [Dkt. # 36], treated as a motion for reconsideration, is DENIED.

DATED this 17th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2